UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL WAYNE WADENA,

    Petitioner,

v.                              Case No:  5:20-cv-611-Oc-39PRL

WARDEN, FCC COLEMEN –
USP I,

    Respondent.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

    Petitioner, an inmate of the federal correctional system proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition). Petitioner challenges the legality of his 2017 sentence imposed by the United States District Court for the District of Minnesota. See Petition at 2. Petitioner concedes he has already filed a motion to vacate his sentence under 28 U.S.C. § 2255. Id. at 3-4. The sentencing court denied his motion, and the appellate court dismissed his appeal for lack of jurisdiction. Id. at 4, 31.

    Petitioner seeks to invoke this Court's jurisdiction under § 2255's saving clause, asserting a remedy under § 2255 was inadequate or ineffective to challenge his sentence because, according to Petitioner, the appellate court in fact had jurisdiction to consider his appeal. Id. at 4, 5.

A motion to vacate under § 2255 is the "exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause.'" McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1079, 1081 (11th Cir. 2017) ("Congress gives a federal prisoner one opportunity to move to vacate his sentence."). The saving clause is triggered only when a prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." See § 2255(e). The Eleventh Circuit now makes clear that only in three narrow circumstances is a remedy under § 2255 "inadequate or ineffective to test the legality" of a petitioner's detention:

> (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

Bernard v. FCC Coleman Warden, 686 F. App'x 730, 730-31 (11th Cir. 2017) (citing McCarthan, 851 F.3d at 1092-93). If a petitioner could have brought or did bring his claims in a § 2255 motion, the remedy is adequate and effective even if he ultimately was unsuccessful. "'Remedy' as used in the saving clause does not promise 'relief.'" McCarthan, 851 F.3d at 1086.

Petitioner is not entitled to proceed under § 2241 because the limited circumstances under which § 2255's saving clause applies are not present:

Petitioner does not challenge the execution of his sentence, and the single sentencing court remains available. See Bernard, 686 F. App'x at 730-31. In fact, Petitioner already tested the legality of his sentence by filing a § 2255 motion in the sentencing court. See Petition at 3-4 (citing District of Minnesota case number 0:16-cr-513JRT). That Petitioner believes the appellate court incorrectly dismissed his appeal does not mean a remedy under § 2255 was inadequate or ineffective.[1] See McCarthan, 851 F.3d at 1086.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of January 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Michael Wayne Wadena

---

[1] Notably, Petitioner filed a petition for rehearing with the appellate court, which that court denied. See Petition at 5.